UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEPHEN BUSHANSKY, On Behalf of Himself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> RSP PERMIAN, INC., MICHAEL GRIMM, STEVEN GRAY, JOSEPH B. ARMES, SCOTT MCNEILL, KENNETH V. HUSEMAN, MATTHEW S. RAMSEY, and MICHAEL S. WALLACE, <br><br> Defendants. | Case No. <br><br><br> **CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Stephen Bushansky ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.   Plaintiff brings this class action on behalf of the public stockholders of RSP Permian, Inc. ("RSP" or the "Company") against RSP and the members of its Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15.U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. 240.14a-9, and to enjoin the vote on a proposed transaction, pursuant to which RSP will be acquired by Concho Resources Inc. ("Concho") through Concho's wholly-owned subsidiary Green Merger Sub Inc. ("Merger Sub") (the "Proposed Transaction").

1

2. On March 28, 2018, RSP and Concho issued a joint press release announcing they had entered into an Agreement and Plan of Merger (the "Merger Agreement"). Under the terms of the Merger Agreement, RSP stockholders will be entitled to receive 0.320 of a share of Concho common stock per RSP common share (the "Merger Consideration"). The Proposed Transaction is valued at approximately $9.5 billion.

3. On April 20, 2018, Concho and RSP filed a joint proxy statement/prospectus on Form S-4 (the "Registration Statement") with the SEC. The Registration Statement, which recommends that RSP stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information concerning, among other things: (i) RSP's and Concho's financial projections, relied upon by the Company's financial advisor, Tudor Pickering, Holt & Co Advisors LP ("TPH") in its financial analyses; (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by TPH; (iii) the background process leading to the Proposed Transaction; and (iv) RSP insiders' potential conflicts of interest. The failure to adequately disclose such material information constitutes a violation of Sections 14(a) and 20(a) of the Exchange Act as RSP stockholders need such information in order to cast a fully-informed vote in connection with the Proposed Transaction.

4. In short, unless remedied, RSP's public stockholders will be forced to make a voting decision on the Proposed Transaction without full disclosure of all material information concerning the Proposed Transaction being provided to them. Plaintiff seeks to enjoin the stockholder vote on the Proposed Transaction unless and until such Exchange Act violations are cured.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over the claims asserted herein for violations of

Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

6. This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff's claims arose in this District, where a substantial portion of the actionable conduct took place, where most of the documents are electronically stored, and where the evidence exists. RSP is headquartered in this District. Moreover, each of the Individual Defendants, as Company officers or directors, either resides in this District or has extensive contacts within this District.

**PARTIES**

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of RSP common stock.

9. RSP is a Delaware corporation and maintains its principal executive offices at 3141 Hood Street, Suite 500, Dallas, Texas 75219. RSP is an independent oil and natural gas company. RSP's common stock is traded on the New York Stock Exchange under the ticker symbol "RSPP."

10. Defendant Michael Grimm ("Grimm") has been Chairman of the Board since the Company's formation and co-founded RSP Permian, L.L.C., a subsidiary of the Company, in 2010. Defendant Grimm previously served as the Co-Chief Executive Officer ("CEO") of RSP Permian, L.L.C. from 2010 until the Company's initial public offering ("IPO") in January 2014.

11. Defendant Steven Gray ("Gray") co-founded RSP Permian, L.L.C. in 2010 and has served as CEO and a director of the Company since its formation. Defendant Gray previously served as co-CEO of RSP Permian, L.L.C. and currently serves as CEO of RSP Permian L.L.C.

12. Defendant Joseph B. Armes ("Armes") has been a director of the Company since December 2013.

13. Defendant Scott McNeill ("McNeill") has been Chief Financial Officer ("CFO") of the Company since its formation, a director of the Company since December 2013 and CFO of RSP Permian, L.L.C. since April 2013.

14. Defendant Kenneth V. Huseman ("Huseman") has been a director of the Company since May 2015.

15. Defendant Matthew S. Ramsey ("Ramsey") has been a director of the Company since January 2014.

16. Defendant Michael S. Wallace ("Wallace") has been a director of the Company since January 2014.

17. The defendants Grimm, Gray, Armes, McNeill, Huseman, Ramsey and Wallace are collectively referred to herein as the "Board" or the "Individual Defendants."

## OTHER RELEVANT ENTITIES

18. Concho is a Delaware corporation, with its principal executive offices located at One Concho Center, 600 West Illinois Avenue, Midland, Texas 79701. Concho is an independent oil and natural gas company engaged in the acquisition, development, exploration and production of oil and natural gas properties. Concho's common stock is traded on the New York Stock Exchange under the ticker symbol "CXO."

19. Merger Sub is a Delaware corporation and a direct wholly-owned subsidiary of

Concho.

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons and entities that own RSP common stock (the "Class"). Excluded from the Class are defendants and their affiliates, immediate families, legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

21. This action is properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure. The Class is so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through discovery, Plaintiff believes that there are thousands of members in the Class. As of April 16, 2018, there were approximately 159,424,148 shares of RSP common stock outstanding. All members of the Class may be identified from records maintained by RSP or its transfer agent and may be notified of the pendency of this action by mail, using forms of notice similar to that customarily used in securities class actions.

22. Questions of law and fact are common to the Class and predominate over questions affecting any individual Class member, including, *inter alia*:

    (a) Whether defendants have violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder;

    (b) Whether the Individual Defendants have violated Section 20(a) of the Exchange Act; and

    (c) Whether Plaintiff and the other members of the Class would suffer irreparable injury were the Proposed Transaction consummated.

23. Plaintiff will fairly and adequately protect the interests of the Class, and has no interests contrary to or in conflict with those of the Class that Plaintiff seeks to represent. Plaintiff has retained competent counsel experienced in litigation of this nature.

24. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

25. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### Background of the Company and Sale Process

26. RSP is an independent oil and natural gas company focused on the acquisition, exploration, development and production of unconventional oil and associated liquids-rich natural gas reserves in the Permian Basin of West Texas. The majority of the Company's acreage is located on large, contiguous acreage blocks in the core of the Midland Basin and the Delaware Basin, both sub-basins of the Permian Basin.

27. RSP executes a multi-zone horizontal development program in the North Midland Basin. RSP targets multiple oil and natural gas producing stratigraphic horizons, or stacked pay zones, on its properties. The Company has participated in the completion of 360 gross horizontal wells since initiating its horizontal drilling program in the Midland Basin in late 2012.

28. On October 13, 2016, RSP announced it had entered into an agreement to acquire Silver Hill Energy Partners, LLC and Silver Hill E&P II, LLC (together, "Silver Hill") in two parts for $1.25 billion in cash and 31.0 million shares of RSP common stock, for a total value of

6

approximately $2.4 billion. Defendant Gray commented on the potential growth opportunities the Silver Hill transaction would bring, stating:

> We are extremely pleased to announce a strategic combination with Silver Hill. This transaction creates a compelling growth platform with the highest quality assets in the core of both the Midland and Delaware Basins that each exhibit strong returns and have substantial combined upside. . . . We believe the assets of Silver Hill are located in the best part of the Delaware Basin and will be a perfect complement to our existing asset base. The returns on Silver Hill's horizontal wells compare favorably with our Midland Basin assets and generally rank in the top quartile of our drilling inventory.

The Company announced it had completed the second part of the Silver Hill acquisition on March 1, 2017.

29. On February 27, 2018, RSP announced its fourth quarter and full year 2017 financial results. For the quarter, average net daily production increased 74% to 62.4 Mboe/d compared to 35.8 Mboe/d in the fourth quarter of 2016. Adjusted EBITDAX increased 102% in the fourth quarter of 2017 to $182.4 million, compared to $90.5 million in the fourth quarter of 2016. For the full year 2017, average net daily production increased 89% to 55.3 Mboe/d compared to 29.1 Mboe/d for the full year 2016. Adjusted EBITDAX for the year increased 134% to $587.0 million compared to $250.3 million for the full year 2016. Commenting on the quarter and year's favorable financial results, defendant Gray stated:

> I am proud of our Company's accomplishments in 2017. We delivered on our annual guidance objectives while nearly doubling the size of the Company, integrating a new operating area in the Delaware Basin and building out the infrastructure and team to accommodate our increased activity levels and production growth in 2018. We continue to see impressive well results in both our Midland and Delaware Basin assets and this increased well productivity enabled us to meet the mid-point of our production guidance despite completing twenty fewer horizontal wells than we originally budgeted.
>
> We are well positioned for strong returns in 2018 as we continue to increase our capital efficiency levels and accelerate the completion of our drilled but uncompleted wells carried over from last year's drilling program. We also expect to generate cash flow in excess of our development spending by the fourth quarter

of 2018 while growing production 35% at the mid-point of our guidance.

30.     Beginning in February 2018, the Company began to have discussions with each of Concho and an oil and gas exploration and development company, referred to in the Registration Statement as "Company A," regarding a potential strategic combination.

31.     On March 19, 2018, Concho delivered a proposal which included a proposed exchange ratio of 0.320 and a request for exclusivity.

32.     The next day, RSP and Concho executed a confidentiality agreement, which included an exclusivity provision scheduled to expire on March 27, 2018. Over the next week, the parties and their advisors negotiated the remaining terms of the merger agreement.

33.     At a March 27, 2018 Board meeting, TPH rendered its fairness opinion and the Board approved the Merger Agreement. That night, Concho and RSP executed the Merger Agreement.

**The Proposed Transaction**

34.     On March 28, 2018, Concho and RSP issued a joint press release announcing the Proposed Transaction. The press release stated, in relevant part:

> Concho Resources Inc. (NYSE: CXO) and RSP Permian, Inc. (NYSE: RSPP) today announced they have entered into a definitive agreement under which Concho will acquire RSP in an all-stock transaction valued at approximately $9.5 billion, inclusive of RSP's net debt. The consideration will consist of 0.320 shares of Concho common stock for each share of RSP common stock. The transaction was unanimously approved by the board of directors of each company.
>
> * * *
>
> Tim Leach, Chairman and Chief Executive Officer of Concho, commented, "This transaction provides a compelling opportunity for both Concho and RSP shareholders to benefit from the strength of our combined company. The RSP team built an exceptional high-margin asset portfolio consistent with our playbook – large, contiguous positions in the core of the Permian Basin. And they did so with a strategy of maximizing well performance and returns, which provides substantial running room for continuous development with large-scale projects. This

8

combination allows us to consolidate premier assets that seamlessly fold into our drilling program, enhance our scale advantage and reinforce our leadership position in the Permian Basin, all while strengthening our platform for delivering predictable growth and returns. We look forward to welcoming RSP's employees as members of the Concho team."

Steve Gray, Chief Executive Officer of RSP, commented, "I am extremely proud of the RSP team and the high-quality position we built in the Permian Basin. As RSP has grown and we have seen the resource play develop in the Permian, we have come to recognize that combining with a company with the scale, investment grade balance sheet and operational excellence of Concho will unlock even more value for shareholders. The combined company will have the vision and necessary financial strength to efficiently develop the tremendous resource potential of these assets with large-scale projects."

The acquisition will add approximately 92,000 net acres that strongly complement Concho's existing acreage position in the Permian Basin. The combined position will cover more than 640,000 net acres. In fourth-quarter 2017, production on RSP's assets totaled approximately 55.5 thousand barrels of oil equivalent (Boe) per day on a two-stream basis, of which approximately 80% was crude oil and 20% was natural gas. The transaction adds 2.2 billion Boe of resource potential, of which more than two-thirds is premium resource.

The combined company will run the largest drilling and completion program in the Permian Basin. With a focused portfolio and substantial scale advantage, the benefits of this transaction are expected to drive corporate level savings and operational synergies by combining the complementary assets and the technical skills of both company's employees. Specific operational synergies include: asset optimization, directing capital to high-return manufacturing-style projects and utilizing shared infrastructure systems. The present value of corporate and operational synergies is expected to exceed $2 billion.

The acquisition is expected to be accretive in the first year to Concho's key per-share metrics, including net asset value, earnings, cash flow and debt-adjusted growth. In addition, the transaction is expected to enhance Concho's three-year outlook for annualized production growth on a capital program within cash flow from operations.

**Transaction Details**

Under the terms of the definitive merger agreement, shareholders of RSP will receive 0.320 shares of Concho common stock in exchange for each share of RSP common stock, representing consideration to each RSP shareholder of $50.24 per share based on the closing price of Concho common stock on March 27, 2018. The consideration represents an approximately 29% premium to RSP's closing price of $38.92 on March 27, 2018. Upon closing of the transaction, Concho shareholders

9

will own approximately 74.5% of the combined company, and RSP shareholders will own approximately 25.5%. The resulting capital structure is consistent with Concho's long-term strategy of maintaining a strong financial position.

The transaction, which is expected to be completed in the third quarter of 2018, is subject to the approval of both Concho and RSP shareholders, the satisfaction of certain regulatory approvals and other customary closing conditions.

Upon closing, Concho's board will be expanded to 11 directors, to include one independent member of the RSP board. Concho will continue to be headquartered in Midland, Texas.

**Insiders' Interests in the Proposed Transaction**

35. RSP insiders are the primary beneficiaries of the Proposed Transaction, not the Company's public stockholders. The Board and the Company's executive officers are conflicted because they will have secured unique benefits for themselves from the Proposed Transaction not available to Plaintiff and RSP's public stockholders.

36. If they are terminated in connection with the Proposed Transaction, RSP's named executive officers stand to receive substantial cash severance payments in the form of golden parachute compensation, as set forth in the following table:

**Golden Parachute Compensation**

|  | Cash ($)(1) | Equity ($)(2) | Benefits ($)(3) | Total ($) |
|---|---|---|---|---|
| Steven Gray | 6,508,438 | 29,176,531 | 49,056 | 35,734,025 |
| Scott McNeill | 2,968,873 | 13,304,915 | 61,014 | 16,334,802 |
| Zane Arrott | 2,837,346 | 12,375,864 | 61,014 | 15,274,224 |
| William Huck | 2,623,102 | 10,324,557 | 61,014 | 13,008,673 |
| James Mutrie | 2,270,198 | 8,089,633 | 41,292 | 10,401,123 |
| Erik Daugbjerg | 2,305,156 | 8,444,621 | 61,014 | 10,810,791 |

**The Registration Statement Contains Material Misstatements and Omissions**

37. The defendants filed a materially incomplete and misleading Registration Statement with the SEC and disseminated it to RSP's stockholders. The Registration Statement misrepresents or omits material information that is necessary for the Company's stockholders to make an informed decision whether to vote their shares in favor of the Proposed Transaction.

38. Specifically, as set forth below, the Registration Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (i) RSP's and Concho's financial projections, relied upon by RSP's financial advisor TPH; (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by TPH; (iii) the background process leading to the Proposed Transaction; and (iv) RSP insiders' potential conflicts of interest. Accordingly, RSP stockholders are being asked to make a voting decision in connection with the Proposed Transaction without all material information at their disposal.

*Material Omissions Concerning RSP's and Concho's Financial Projections*

39. The Registration Statement is materially deficient because it fails to disclose material information relating to the Company's intrinsic value and prospects going forward.

40. First, the Registration Statement omits material information regarding RSP management's financial projections and the financial analyses performed by the Company's financial advisor TPH.

41. For example, in connection with TPH's *Discounted Cash Flow Analyses* ("DCF"), the Registration Statement states, "TPH calculated the present value, as of January 1, 2018, of the standalone unlevered cash flows expected to be generated by each of RSP and Concho, based on the estimates reflected in the financial forecasts provided by each of RSP management and Concho management, respectively . . . ." Registration Statement at 102. The Registration Statement fails, however, to disclose the Company's and Concho's unlevered free cash flows, including the definition of unlevered free cash flows and the line items utilized to calculate the unlevered free cash flows that were taken into account in TPH's DCF for RSP and Concho.

42. In addition, the Registration Statement sets forth that "TPH calculated the

11

companies' terminal values by applying EBITDAX multiples . . . to each of RSP's and Concho's estimated 2022 EBITDAX, as set forth in the financial forecasts provided by each of RSP management and Concho management, respectively. . . ." *Id.* Yet, the Registration Statement fails to disclose Concho's estimated 2022 EBITDAX utilized by TPH in its DCF for Concho and any projections of Concho for fiscal years ending 2021 and 2022.

43.     Moreover, the Registration Statement states that in performing its *Net Asset Value Analysis*:

> TPH applied discount rates to unlevered free cash flows. . . .
>
> TPH calculated estimates of the companies' net asset values by adding (i) the present value of the cash flows generated by the estimated proved reserves, unproved reserves and undeveloped hydrocarbon resources, *plus* (ii) with respect to Concho, a certain equity interest of Concho's in midstream facilities based on information provided by Concho management, *plus* (iii) the present value of future estimated effects of hedging, *minus* (iv) the present value of future estimated effects of general and administrative expense and income taxes and *minus* (v) net debt (total debt less cash).

Registration Statement at 98.  The Registration Statement fails, however, to disclose the Company's unlevered free cash flows utilized in the analysis, as well as RSP's (i) cash flows generated by the estimated proved reserves, unproved reserves and undeveloped hydrocarbon resources; (ii) future estimated effects of hedging; and (iii) future estimated effects of general and administrative expense and income taxes.

44.     Similarly, the Registration Statement fails to disclose Concho's (i) unlevered free cash flows; (ii) cash flows generated by the estimated proved reserves, unproved reserves and undeveloped hydrocarbon resources; (iii) future estimated effects of hedging; and (iv) future estimated effects of general and administrative expense and income taxes.  Further, the Registration Statement states that "[i]n connection with rendering its opinion, TPH reviewed, among other things . . . certain synergies projected by the management of RSP to result from the

transactions contemplated by the merger agreement. . . ." Registration Statement at 95. The Registration Statement, however, fails to disclose any of the synergies projected by RSP management and relied upon by TPH in its analyses.

45. The omission of this information renders the statements in the "Unaudited Prospective Financial Information" and "Opinion of TPH, RSP's Financial Advisor," "RSP Unaudited Forecasted Financial Information," and "Concho Unaudited Forecasted Financial Information" sections of the Registration Statement false and/or materially misleading in contravention of the Exchange Act.

*Material Omissions Concerning TPH's Financial Analyses*

46. The Registration Statement describes TPH's fairness opinion and the various valuation analyses performed in support of its opinion. However, the description of TPH's fairness opinion and analyses fails to include key inputs and assumptions underlying these analyses. Without this information, as described below, RSP's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on TPH's fairness opinion in determining whether to vote in favor of the Proposed Transaction. This omitted information, if disclosed, would significantly alter the total mix of information available to RSP's stockholders.

47. With respect to TPH's DCF, the Registration Statement fails to disclose: (i) each of RSP's and Concho's estimated unlevered free cash flows; (ii) Concho's estimated 2022 EBITDAX; (iii) the certain equity interest of Concho's in midstream facilities; (iv) the inputs and assumptions underlying the discount rates ranging from 9.0% to 11.0% in the case of RSP, and 7.5% to 9.5% in the case of Concho, used in the analysis; (v) RSP's and Concho's respective net debt; (vi) the basis for applying EBITAX multiples ranging from 6.00x to 8.00x in the case of

RSP, and 7.25x to 9.25x in the case of Concho; and (vii) the perpetuity growth rates for each of RSP and Concho implied by the analyses.

48.	As set forth above, with respect to TPH's *Net Asset Value Analysis*, the Registration Statement fails to disclose: (i) RSP's and Concho's respective (a) unlevered free cash flows; (b) cash flows generated by the estimated reserves, unproved reserves and undeveloped hydrocarbon resources; (c) with respect to Concho only, its certain equity interest in midstream facilities; (d) future estimated effects of hedging; (e) future estimated effects of general and administrative expense and income taxes; and (f) net debt; and (ii) the inputs and assumptions underlying the discount rates ranging from 9.0% to 11.0% in the case of RSP, and 7.5% to 9.5% in the case of Concho.

49.	With respect to TPH's *Comparable Company Analysis*, the Registration Statement fails to disclose: (i) the individual multiples and financial metrics for each of the selected comparable companies observed by TPH in the analysis; and (ii) any benchmarking analyses for RSP and Concho in relation to the selected companies analyzed by TPH.

50.	With respect to TPH's *Selected Transaction Analysis*, the Registration Statement fails to disclose the individual multiples and financial metrics for each of the selected transactions analyzed by TPH in the analysis.

51.	With respect to TPH's *Illustrative Discounted Future Value* analysis, the Registration Statement fails to disclose: (i) projected pro forma EBITDAX including synergies; (ii) RSP's net debt and pro forma net debt; (iii) the basis for applying multiples ranging from 6.0x to 8.0x to RSP's projected EBITDAX; (iv) the basis for applying multiples ranging from 7.25x to 9.25x to projected pro forma EBITDAX including synergies; and (v) the inputs and assumptions underlying the discount rates of 11.6% in the case of RSP, and 9.3% in the case of the pro forma

company.

52. When a banker's endorsement of the fairness of a transaction is touted to stockholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

53. The omission of this information renders the statements in the "Opinion of TPH, RSP's Financial Advisor" section of the Registration Statement false and/or materially misleading in contravention of the Exchange Act.

*Material Omissions Concerning the Background Process of the Proposed Transaction*

54. The Registration Statement omits material information relating to the sale process leading up to the Proposed Transaction.

55. The Registration Statement fails to disclose whether the Company entered into a confidentiality agreement with Company A, and if so, the terms of the confidentiality agreement.

56. The disclosure of the existence and terms of any confidentiality agreements RSP entered into with any other party is crucial to RSP stockholders being fully informed of whether their fiduciaries have put in place restrictive devices to foreclose a topping bid for the Company.

57. The omission of this information renders the statements in the "Background of the Merger" section of the Registration Statement false and/or materially misleading in contravention of the Exchange Act.

*Material Omissions Concerning RSP Insiders' Potential Conflicts of Interest*

58. The Registration Statement fails to disclose material information concerning potential conflicts of interest faced by the Company's directors and executive officers.

59. The March 28, 2018 joint press release announcing the Proposed Transaction quotes Tim Leach, Chairman and CEO of Concho, as stating:

15

> The RSP team built an exceptional high-margin asset portfolio consistent with our playbook – large, contiguous positions in the core of the Permian Basin. And they did so with a strategy of maximizing well performance and returns, which provides substantial running room for continuous development with large-scale projects. This combination allows us to consolidate premier assets that seamlessly fold into our drilling program, enhance our scale advantage and reinforce our leadership position in the Permian Basin, all while strengthening our platform for delivering predictable growth and returns. **We look forward to welcoming RSP's employees as members of the Concho team.**

Emphasis added.

60.     However, the Registration Statement fails to disclose whether any of RSP's officers have secured employment after completion of the Proposed Transaction. The Registration Statement further fails to disclose the details of any employment-related discussions and negotiations that occurred between Concho and RSP executive officers, including who participated in all such communications, when they occurred, and their content, as well as whether any of Concho's prior proposals or indications of interest mentioned management retention or board membership in the combined company.

61.     Communications regarding post-transaction employment and merger-related benefits during the negotiation of the underlying transaction must be disclosed to stockholders. This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

62.     The omission of this information renders the statements in the "Background of the Merger," "Board of Directors and Management of Concho Following Completion of the Merger," and "Interests of RSP Directors and Executive Officers in the Merger" sections of the Registration Statement false and/or materially misleading in contravention of the Exchange Act.

63.     The Individual Defendants were aware of their duty to disclose this information

and acted negligently (if not deliberately) in failing to include this information in the Registration Statement. Absent disclosure of the foregoing material information prior to the stockholder vote on the Proposed Transaction, Plaintiff and the other members of the Class will be unable to make a fully-informed decision whether to vote in favor of the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## COUNT I

**Class Claims Against All Defendants for Violations of Section 14(a) of the Exchange Act and SEC Rule 14a-9 Promulgated Thereunder**

64.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

65.     During the relevant period, defendants disseminated the false and misleading Registration Statement specified above, which failed to disclose material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

66.     By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Registration Statement. The Registration Statement was prepared, reviewed, and/or disseminated by the defendants. It misrepresented and/or omitted material facts, including material information about the actual intrinsic standalone value of the Company, the financial analyses performed by the Company's financial advisor, and the sales process for the Company. The defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

67.     The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.

68.     By reason of the foregoing, defendants violated Section 14(a) of the Exchange

Act and SEC Rule 14a-9 promulgated thereunder.

69. Because of the false and misleading statements in the Registration Statement, Plaintiff and the Class are threatened with irreparable harm, rendering money damages inadequate. Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

### Class Claims Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act

70. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

71. The Individual Defendants acted as controlling persons of RSP within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of RSP and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

72. Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

73. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement at issue contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were

18

thus directly involved in the making of the Registration Statement.

74. In addition, as the Registration Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Registration Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

75. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

76. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, RSP's stockholders will be irreparably harmed.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of RSP, and against defendants, as follows:

A. Ordering that this action may be maintained as a class action and certifying Plaintiff as the Class representative and Plaintiff's counsel as Class counsel;

B. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to RSP stockholders;

  C. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff and the Class;

  D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

  E. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

  F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: May 4, 2018        Respectfully submitted,

              /s/ William B. Federman
              William B. Federman, TBA #00794935
              Nicole E. Johnson, TBA #24101972
              **FEDERMAN & SHERWOOD**
              2926 Maple Ave., Suite 200
              Dallas, Texas 75201
              Telephone:  (214) 696-1100
              Facsimile:  (214) 740-0112
              wbf@federmanlaw.com
              nej@federmanlaw.com

              *Attorneys for Plaintiff*

**OF COUNSEL:**

**WEISSLAW LLP**
Richard A. Acocelli
*Pro Hac Vice To Be Filed*
1500 Broadway, 16th Floor
New York, New York 10036
Telephone: (212) 682-3025
Facsimile: (212) 682-3010
Email:  racocelli@weisslawllp.com